**John LABEE, Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

**No. 01–7051.**

United States Court of Appeals, Federal Circuit.

Dec. 18, 2001.

Before BRYSON, LINN, and DYK, Circuit Judges.

PER CURIAM.

John Labee filed a notice of appeal from the June 25, 1999, decision of the Board of Veterans' Appeals. The Court of Appeals for Veterans Claims (the "Veterans Court") found that the notice of appeal was untimely. Mr. Labee argued that the reason he had not filed a timely notice of appeal was that he had not received notification of the decision of the Board of Veterans' Appeals, and that it could be inferred that he had not received a copy of the decision because it had not been properly mailed to him.

The Veterans Court stated that the evidence before it showed that Mr. Labee's appeal had been processed in the normal course of business, a process which the court held was "entitled to the presumption of administrative regularity in the absence of evidence to the contrary." The court noted that Mr. Labee had offered evidence to support his contention that he had not received notification of the Board's decision. That evidence, the court explained, consisted of Mr. Labee's submission that after the date of the Board's decision he had twice contacted the regional office inquiring about the status of his appeal before the Board, and that on the first occasion he was not told that his appeal had already been decided. The court explained:

> [I]n the absence of any evidence showing a mailing date other than the date recorded on the decision, it is presumed the BVA decision was, in fact, mailed on June 25, 1999. Further, the Court notes that the appellant offers no evidence that the BVA did not mail its decision to the appellant's last address. The Court concludes that the appellant has not met the burden of demonstrating that the [notice of appeal] was filed within 120 days after the date of mailing of the BVA decision.

Accordingly, the court dismissed Mr. Labee's appeal.

Mr. Labee appeals to this court. In an effort to avoid the restrictions on this court's jurisdiction over appeals from the Veterans Court, he argues that his appeal involves an interpretation of a statute, not a challenge to a factual determination or an application of law to fact. *See* 38 U.S.C. § 7292(d)(2) (court of appeals may not review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case). In particular, he contends that the Veterans Court made a legal error by not deciding whether he had rebutted the presumption of regularity and that the court had therefore "violated its duty pursuant to 38 U.S.C. § 7261(a)(1) to decide all relevant questions of law when presented and when necessary."

Contrary to Mr. Labee's characterization, the Veterans Court's ruling is not based on an interpretation of a statute. Rather, it consists simply of a factual determination or, at most, the application of an undisputed legal standard to the facts. Mr. Labee did not, and does not, disagree with the Veterans Court's invocation of the

presumption of regularity, nor does he disagree with that court's statement of the principle that the presumption applies in the absence of evidence to the contrary. His contention is that by stating that "the appellant offers no evidence that the BVA did not mail its decision to the appellant's last known address," the court misapprehended the proper rule, which required it to weigh the evidence that he offered to rebut the presumption.

There is no indication that the Veterans Court misapprehended the applicable legal rule regarding the role of the presumption of regularity or the need to consider evidence offered to rebut that presumption. The court expressly set forth the rule in its opinion, and it accurately summarized the evidence that Mr. Labee offered in an effort to rebut the presumption. In context, the court's statement that Mr. Labee had offered "no evidence" that the BVA did not mail its decision to his last known address appears to reflect not a misunderstanding of the legal standard, but the court's conclusion that Mr. Labee's rebuttal evidence was unconvincing. Because Mr. Labee is not seeking review of a decision of the Veterans Court with respect to the interpretation of a statute or regulation, see 38 U.S.C. § 7292(a), but instead is simply challenging the application of a legal standard to the facts of a particular case, see 38 U.S.C. § 7292(d)(2), we lack jurisdiction in this matter and therefore must *dismiss* Mr. Labee's appeal.